# IN RE A. G. SPALDING & BROS.


TRADEMARKS; PERSONAL NAMES; SECTION 5 OF TRADEMARK ACT OF FEBRU-
ARY 20, 1905; DESCRIPTION OF GOODS COVERED BY MARK; CLASSIFICA-
TION OF TRADEMARKS.

1. Under the trademark act of February 20, 1905 [33 Stat. at L. 724, chap.
   592, U. S. Comp. Stat. Supp. 1905, p. 667], an ordinary family surname
   is not subject to appropriation as a lawful trademark.
2. When registration of a trademark is claimed under the proviso of sec.
   5 of the trademark act of February 20, 1905, providing for the regis-
   tration of marks in the actual and exclusive use of the applicant for
   ten years past, it should clearly appear in the application that every
   condition precedent has been fully complied with.
3. The term "actual use," as used in the proviso of sec. 5 of the trademark
   act of February 20, 1905, should be strictly construed, and an appli-
   cant should not be permitted to register a word or name, not recognized
   by the law as a lawful trademark, for any articles of commerce save
   those upon which he has actually used the mark for the required ten-
   years period.
4. *Semble*, that Congress has no power to declare what are, or what are
   not, lawful trademarks, or to say that any alleged marks can be appro-
   priated without a prior use.
5. Under sec. 1 of trademark act of February 20, 1905, providing that the
   applicant must state "the class of merchandise and the particular de-
   scription of goods comprised in such class to which the trademark is
   appropriated," and sec. 5, prohibiting the registration of personal
   names as trademarks unless such mark has been in the actual use of
   the applicant for ten years prior to the passage of the act, an appli-
   cation for the registration of a personal name as a trademark is
   properly refused, where it states the "class of merchandise" to be
   "athletic supplies," and the "particular description of goods comprised
   in such class" to be "implements, apparatus, and goods used in
   athletic games and sports," since new athletic games and sports are
   being invented every year, and it is impossible for the applicant to

have used the name as a mark in connection with such newly invented games and sports for ten years prior to the passage of the act.

6. This court has no power to make a system of classification under the trademark act of February 20, 1905, and it cannot pass upon the question as to whether an applicant has stated the class of merchandise and the particular description of goods comprised in the class to which he seeks to appropriate his trademark, except as each case comes before it.

No. 348. Patent Appeals. Submitted March 16, 1906. Decided April 3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a trademark. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. P. Greeley* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice DUELL delivered the opinion of the Court:

This is an appeal [by A. G. Spalding & Brothers, a corporation] from the decision of the Commissioner of Patents refusing appellant's application for trademark registration. The alleged mark consists of the name "Spalding." This is an ordinary family surname. That such a name is not subject to appropriation as a lawful trademark cannot be successfully questioned. Less than a year ago the Supreme Court of the United States, in *Howe Scale Co. v. Wyckoff, Seamans, & Benedict,* 198 U. S. 118, 49 L. ed. 972, 25 Sup. Ct. Rep. 609, citing several of its prior decisions, said, at page 134, L. ed. page 984, Sup. Ct. Rep. 612: "But it is well settled that a personal name cannot be exclusively appropriated by anyone as against others having a right to use it; and as the name 'Remington' is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trademark, and its registration as such could not in itself give it validity."

The trademark act approved February 20, 1905 [33 Stat.

at L. 726, § 5, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 670], under which registration is sought, recognizing the law applicable to the subject, forbids the registration as a trade-mark of the mere names of individuals, firms, corporations, or associations. There is, however, in the act a proviso "that noth-ing herein shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations or among the several States, or with Indian tribes, which was in actual and exclusive use as a trademark of the applicant, or his predecessor from whom he derived title, for ten years next preceding the passage of this act." Registration is claimed un-der this proviso.

The question is not before us as to the power of Congress, in enacting a trademark law, to provide for the registration of marks which concededly are not trademarks, upon the ground that such marks have been used for ten years next preceding the passage of such an act, or as to the effect of such registra-tion; and we therefore do not express any opinion relative thereto. But, when registration is claimed under such provi-sion, it is manifest that it should clearly appear in the applica-tion for such a registration that every condition precedent has been fully complied with.

It is provided that the mark must have been "in actual and exclusive use as a trademark * * * for ten years next preceding the passage of the act." The question as to what is meant by the term "exclusive use" is not now before us; but the objection raised to the registration is broad enough to pre-sent the question as to what is meant by the term "actual use." We think that the term should be strictly construed, and when an applicant seeks a registration under this so-called "ten-years" clause he should not be permitted to register a word or name, not recognized by the law as a lawful trademark, for any arti-cles of commerce save those upon which he has actually used the mark for the required period. There being no power vested in Congress to declare what are, or what are not, lawful trade-marks, or to say that any alleged marks can be appropriated without a prior use, it is not to be presumed that, in enacting a

registration law, it intended to confer upon parties the right even to register marks, whether subject or not to lawful appropriation, in connection with articles upon which they had not been used.

The ground of rejection is that the application does not conform to the requirement of section 1 of the act, which provides that, in order to obtain registration for a trademark, the applicant shall state "the class of merchandise and the particular description of goods comprised in such class to which the trademark is appropriated." In other words, it is argued that the statement made by the applicant is too indefinite, in that it fails to disclose the particular description of goods comprised in the class to which the trademark is appropriated. The statement is as follows: "The class of merchandise to which the trademark is appropriated is athletic supplies, and the particular description of the goods comprised in said class upon which said trademark is used is 'implements, apparatus, and goods used in athletic games and sports.' "

It is difficult to conceive any more indefinite statement of a particular description of goods comprised in a class than the foregoing. "Implements, apparatus, and goods used in athletic games and sports" embraces within its terms all the various articles used in every conceivable athletic game and sport. To enumerate them would require a greater knowledge of athletics than is possessed by the ordinary person. Many athletic games and sports have been invented or devised within the past ten years, as have also the implements and apparatus and goods used in connection with them. Manifestly, applicant has not used its mark for a period of ten years next preceding the passage of the act in question, in connection with such implements, apparatus, and goods. This being so, applicant has no right to ask for a registration which in terms is broad enough to cover such implements, apparatus, and goods used in such athletic games and sports, in connection with which it has not used the mark for the required time.

Under the circumstances as presented by this case, we are in no position to pass upon the question other than as above outlined. Applicant insists upon a statement which broadly

covers every conceivable implement and apparatus and all kinds of goods used in all sorts of athletic games and sports, in an application which it is, at the best, only permitted to make under a proviso as to the time of the use. The Commissioner of Patents has rejected the application—and properly, we think—for the utter absence of any statement as to the particular description of goods comprised in the class to which the alleged trademark is appropriated.

Manifestly, there should be some system of classification; but the power to make such classification is not vested in this court, and we cannot pass upon the question as to whether an applicant has stated the class of merchandise and the particular description of goods comprised in the class to which he seeks to appropriate his trademark, except as each case comes before us. It is the duty of Congress to provide for such a classification in such manner as it may deem best. Counsel representing the Commissioner of Patents and the applicant have called our attention to a bill now pending in Congress which amends the act of 1905 in this particular, and we are told that the bill, as amended, is likely to become a law. This is an added reason why we should not attempt to express any opinion upon the broad question sought to be raised in this case, but should rather simply pass, as we do, upon the specific question presented. Believing that the appellant has not in this case complied with the statute in specifying the particular goods upon which the mark has been used, as that requirement is construed in the light of the proviso of section 5, heretofore quoted, we must find that the decision of the Commissioner of Patents in rejecting the application was correct, and we therefore affirm his decision.

The clerk of the court will certify this opinion and the proceedings of the court in the premises to the Commissioner of Patents, according to law.                    *Affirmed.*